# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

ANGELA KATRINA COLEMAN, #114299                                PLAINTIFF

VERSUS                               CIVIL ACTION NO. 3:09-cv-206-HTW-LRA

STATE OF MISSISSIPPI, et al.                                              DEFENDANTS

## MEMORANDUM OPINION

The Plaintiff, an inmate of the Mississippi Department of Corrections, filed this complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. On April 2, 2009, an order [3] was entered which directed the Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), which states that she understands certain provisions of the Prison Litigation Reform Act, or file a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Plaintiff failed to comply with this order. The Plaintiff was warned that failure to timely comply with the requirements of the order may lead to the dismissal of her complaint.

On May 28, 2009, an order [8] was entered directing the Plaintiff to show cause why this case should not be dismissed for her failure to comply with the Court's April 2, 2009, order. The Plaintiff was directed to file her response and comply with the previous order [3], on or before June 12, 2009. The Plaintiff was again warned that failure to timely comply with the requirements of the order may lead to the dismissal of her complaint. The Plaintiff failed to comply with this order.

On June 26, 2009, a second order [9] was entered directing Plaintiff to show cause why

this case should not be dismissed for her failure to comply with the Court's orders of April 2, 2009, and May 28, 2009. Plaintiff was directed to file her response on or before July 13, 2009. In addition, Plaintiff was directed to comply with the Court's original order by filing the required documentation, on or before July 13, 2009. The Plaintiff was warned in this Court's order [9] of June 26, 2009, that failure to timely comply with the requirements of the order would result in the dismissal of her case, without further notice. Plaintiff did not comply with this order.

Plaintiff has failed to comply with three Court orders and she has not contacted this Court since April 20, 2009. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the defendants have not been called on to respond to Plaintiff's

pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 31st day of August, 2009.

s/ HENRY T. WINGATE
CHIEF UNITED STATES DISTRICT JUDGE